THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOIRA GUNSUL,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a Delaware Company,<br><br>        Defendant. | NO. 2:15-CV-00095-RAJ<br><br>BOEING'S ANSWER TO COMPLAINT |

The Boeing Company ("Boeing") hereby answers Plaintiff Moira Gunsul's ("Plaintiff") Complaint as follows. Each allegation of Plaintiff's Complaint not specifically admitted shall be deemed denied:

**I.    PARTIES**

1. Admitted upon information and belief.

2. Admitted.

3. Paragraph 3 of Plaintiff's Complaint calls for legal conclusions and does not, therefore, require a response from Boeing. However, to the extent it requires a response, Boeing lacks knowledge or information as to which employees, agents, acts and/or

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 1
4841-4487-7089.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

omissions to which Plaintiff refers, and therefore denies the allegations in Paragraph 3 of Plaintiff's Complaint.

### III. FACTS

5. (sic) Admitted.

6. Admitted.

7. Admitted.

8. Boeing admits that when Plaintiff was discharged, her base pay rate was $117, 043. Boeing denies any remaining allegations in Paragraph 8 of the Complaint.

9. Boeing admits that on or about March 3, 2014, Plaintiff requested medical leave based on her assertion that she needed such leave because of her own medical condition. Boeing lacks knowledge or information sufficient to form a belief as to whether Plaintiff actually needed the leave she was requesting, or whether she needed any such leave because of a serious health condition related to her lower back. Boeing therefore denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Admitted.

11. Boeing admits upon knowledge and belief that Aetna approved Plaintiff's request for medical leave from March 3, 2014 – April 3, 2014. Boeing denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Admitted upon information and belief.

13. Admitted upon information and belief.

14. Boeing admits upon information and belief that Aetna received a completed medical certification form from Plaintiff's healthcare provider on April 3, 2014. Boeing denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Because Plaintiff sent several e-mail messages to Boeing starting on April 4, 2014 stating she was unable to return to work on that date because of an upper respiratory infection which adversely impacted her voice and which she would treat by "gargling,"

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 2
4841-4487-7089.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Boeing denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Boeing admits that Plaintiff sent an e-mail message to Boeing in which she claimed she was still unable to return to work on Monday, April 7, 2014 because she was "still struggling with an upper respiratory infection." Boeing therefore denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Boeing admits that Plaintiff sent e-mail messages to her supervisor on April 4 and April 7, 2014, in each case stating that she was unable to work because of an upper respiratory infection.

18. Denied.

19. Paragraph 19 of Plaintiff's Complaint calls for legal conclusions, and does not, therefore, require a response from Boeing. However, to the extent that Paragraph 19 does require a response, Boeing denies that Plaintiff was eligible to take medical leave or statutorily protected FMLA or WFLA leave when (a) she admitted in three separate e-mail messages that her absences on each such date were due to an upper respiratory infection, and (b) she failed to provide Boeing with timely medical certification to support her subsequent assertion that her absences were due to a serious health condition.

20. Denied.

21. Admitted upon information and belief.

22. Boeing denies that Aetna is an agent of Boeing. Boeing admits upon information and belief the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23. Boeing lacks knowledge or information sufficient to form a belief as to what Aetna told Plaintiff, and therefore denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Boeing lacks knowledge or information sufficient to form a belief as to whether or why Plaintiff made an appointment to see her doctor; therefore, Boeing denies the allegations in Paragraph 24 of Plaintiff's Complaint.

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 3
4841-4487-7089.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

25. Boeing lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of Plaintiff's Complaint, and therefore denies each such allegation.

26. Admitted.

27. Boeing lacks knowledge or information sufficient to form a belief as to the nature or content of any communications between Plaintiff's doctor's office and Aetna. Boeing therefore denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Boeing lacks knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies each such allegation.

29. Admitted.

30. Boeing lacks knowledge or information sufficient to form a belief as to whether Plaintiff received a letter from Aetna on or about May 5, 2014 and therefore denies this allegation. Boeing admits that Aetna sent Plaintiff a letter dated April 28 for the purpose of informing Plaintiff that it (Aetna) had denied her leave request because Plaintiff failed to provide timely certification. Boeing lacks knowledge or information sufficient to form a belief as to the nature of any of Plaintiff's assumptions at that time, and therefore denies the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31. Admitted.

32. Boeing admits that, after first clearly stating in a series of e-mail messages to her supervisor that her absences on April 4 and 7 were solely the result of an upper respiratory infection which impaired her voice and which she would treat by "gargling," Plaintiff subsequently changed her story and instructed Boeing that she was also absent on these dates due to pain in her knee, back, lower back, left hip, and "a**." Boeing further admits that, having her altered her story about the reasons for her absences on April 4 and 7, Plaintiff also claimed she was suffering from a broken tailbone, and that this must be "added

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 4
4841-4487-7089.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

to her list of daily pains." Because the timing and circumstances of this message suggest Plaintiff was not being truthful at the time, Boeing denies any remaining allegations in Paragraph 32 of Plaintiff's Complaint.

33. Boeing admits that it terminated Plaintiff's employment.

34. Denied.

35. Paragraph 35 of Plaintiff's Complaint calls for legal conclusions and does not, therefore, require a response from Boeing. To the extent that a response is required, Boeing denies the allegations in Paragraph 35 of Plaintiff's Complaint.

### IV. FIRST CAUSE OF ACTION

36. Boeing incorporates by reference its answers to Paragraphs 1 through 35 of Plaintiff's Complaint.

37. Denied.

38. Denied.

### V. SECOND CAUSE OF ACTION

39. Boeing incorporates by reference its answers to Paragraphs 1 through 38 of Plaintiff's Complaint.

40. Denied.

41. Denied.

### VI. THIRD CAUSE OF ACTION

42. Boeing incorporates by reference its answers to Paragraphs 1 through 41.

43. Denied.

44. Denied.

### VII. FOURTH CAUSE OF ACTION

45. Boeing incorporates by reference its answers to Paragraphs 1 through 44 of Plaintiff's Complaint.

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

46. For the reasons asserted in its Motion to Dismiss, Boeing denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. For the reasons asserted in its Motion to Dismiss, Boeing denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. For the reasons asserted in its Motion to Dismiss, Boeing denies the allegations in Paragraph 48 of Plaintiff's Complaint.

## VIII. FIFTH CAUSE OF ACTION

49. Boeing incorporates by reference its answers to Paragraphs 1 through 48.

50. For the reasons asserted in its Motion to Dismiss, Boeing denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51. For the reasons asserted in its Motion to Dismiss, Boeing denies the allegations in Paragraph 51 of Plaintiff's Complaint.

## IX. PRAYER FOR RELIEF

52. Boeing denies that Plaintiff is entitled to the relief requested from Boeing in Section IX of Plaintiff's Complaint, and further denies that Plaintiff is entitled to any relief from Boeing in connection with the claims set forth in her Complaint or in connection with her employment by Boeing.

## X. DEFENDANT'S AFFIRMATIVE DEFENSES

53. Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

54. Plaintiff's requests for relief should be denied or limited to the extent that she has failed to mitigate damages, or contributed to or caused the same.

55. Boeing reserves the right to assert additional defenses as discovery proceeds and the evidence develops.

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 6
4841-4487-7089.01

WHEREFORE, having answered all of the allegations in Plaintiff's Complaint, Boeing respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed and that judgment be entered in favor of Boeing;

2. For its costs in defending against this lawsuit, including its attorneys' fees;

3. Plaintiff's requests for relief are barred and

4. For such other relief as this Court deems just and proper.

DATED this 29th day of January, 2015.

RIDDELL WILLIAMS P.S.

By   s/Laurence A. Shapero
   Laurence A. Shapero, WSBA #31301
   Kristina Markosova, WSBA #47924
   Attorneys for Defendant The Boeing Company

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 7
4841-4487-7089.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

>  Patrick J. Kang, WSBA #30726
>  PREMIER LAW GROUP PLLC
>  1408 140th Place NE
>  Bellevue, WA 98007
>  Phone: (206) 285-1743
>  Fax: (206) 599-6316
>  pkang@plg-pllc.com
>  syuzanna@premierlawgroup.com (paralegal)
>  *Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this declaration was executed on January 29, 2015 at Seattle, Washington.

_____
Jazmine Matautia

BOEING'S ANSWER TO COMPLAINT (No. 15-0095) - 8
4841-4487-7089.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600