Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOIRA GUNSUL, | ) |
| | ) No.   2:15-cv-00095-RAJ |
| Plaintiff, | ) |
| | ) |
| vs. | ) FIRST AMENDED COMPLAINT |
| | ) |
| THE BOEING COMPANY, a Delaware Company, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW Plaintiff Moira Gunsul, by and through her undersigned counsel, and alleges upon information and belief as follows:

**I.   PARTIES**

1. Plaintiff Moira Gunsul (hereinafter "Plaintiff") is a resident of Redmond, King County, Washington.

2. Defendant The Boeing Company is a Delaware corporation that conducts business in King County, Washington.

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 1

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

3. All acts and/or omissions of Defendant employees and agents, including those of Aetna Life Insurance Company, were performed within the course and scope of their employment with Defendant, and/or were performed for the benefit of Defendant.

### III.   FACTS

5. Plaintiff was employed with Defendant for over thirty years prior to her request for medical leave in March 2014.

6. Plaintiff was employed for at least 1,250 hours of service with Defendant during the previous twelve month period.

7. Defendant employed more than 50 employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year.

8. At the time of Plaintiff's termination, Plaintiff was earning approximately $118,000 per year.

9. On or about March 3, 2014, Plaintiff requested medical leave for a serious health condition related to her low back.

10. Plaintiff's request for medical leave was for the period of March 3, 2014 through April 3, 2014.

11. Defendant through its agent, Aetna Life Insurance Company, approved Plaintiff's request for medical leave.

12. On or about April 2, 2014, Plaintiff's physician completed Defendant's FMLA medical certification form indicating that Plaintiff would need intermittent leave related to her low back condition.

13. Plaintiff's physician faxed the certification form to Defendant's agent, Aetna Life Insurance Company, on April 2, 2014.

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 2

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

14. Defendant through its agent, Aetna Life Insurance Company, received the completed certification form on April 2, 2014.

15. On April 3rd, Plaintiff re-aggravated her low back and thus was unable to return to work on her return date of Friday, April 4, 2014.

16. Similarly, Plaintiff was also unable to return to work on Monday, April 7, 2014, as a result of her ongoing medical condition.

17. Plaintiff informed her supervisor that she would be unable to work on April 4th and April 7th.

18. When Plaintiff returned to work she informed Defendant that she missed work on April 4th and 7th as a result of exacerbating her low back.

19. When Plaintiff missed work on April 4th and 7th she was still eligible to take medical leave under the state and federal Family Medical Leave Act.

20. Plaintiff returned to work on April 8, 2014.

21. On or about April 28, 2014, Plaintiff received a letter dated April 10th from Boeing through Aetna stating that she needed to extend her leave of absence to cover her absences of April 4th and 7th.

22. Upon receiving this letter, Plaintiff immediately contacted Boeing through Aetna and advised that her absences on the 4th and 7th were a result of exacerbating her low back condition, which she was on leave for, and thus the approved intermittent leave should apply to cover those absences.

23. Plaintiff was informed by Aetna that she could not apply her intermittent leave to the April 4th and 7th absences, but instead had to use extended medical leave of absence, which would require additional documentation.

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 3

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

24. Plaintiff therefore made an appointment to see her doctor on that same day.

25. On April 28th, Plaintiff saw her doctor and requested that her doctor extend her prior medical leave by two additional days to cover the absences for April 4th and 7th because Defendant denied Plaintiff's attempt to use intermittent leave for the April 4th and 7th absences.

26. On or about April 29, 2014, Plaintiff's doctor's office contacted Aetna and requested the appropriate certification form to extend Plaintiff's leave of absence under the medical leave act.

27. Plaintiff's doctor's office was advised by Aetna that it was not a problem to send in the certification form late "as it happens all of the time."

28. Plaintiff's doctor completed the necessary form, indicating that Plaintiff's return to work date was April 8, 2014.

29. Plaintiff's doctor returned the completed form to Aetna on or about May 2, 2014.

30. On or about May 5th, Plaintiff received a letter dated April 28th from Aetna explaining that her absences on April 4th and 7th were not approved for leave, and that she needed to take "immediate steps to cover her unexcused time." Plaintiff assumed that this situation was already taken care of, and that this letter was another of Aetna's late notifications.

31. On May 13, 2014, Plaintiff was terminated from her employment as a result of having incurred unexcused absences on April 4th and 7th, 2014.

32. Plaintiff explained to Defendant that her absences should have been considered excused and covered under the state and federal medical leave act since they were related to her low back condition.

33. Nevertheless, Defendant terminated Plaintiff's employment.

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 4

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

34. On May 15th, Plaintiff received a notice dated May 5th from Aetna that her short term disability benefits for her absences on April 4th and 7th were approved, but that her request for medical leave under the state and federal medical leave act were denied because certification had not been received.

35. Defendant is liable for all causes of actions as alleged below under the theory agency relationship and/or respondeat superior, regardless of whether the alleged violating conduct was performed by one or more of its employees and/or agents.

### IV.   FIRST CAUSE OF ACTION

36. <u>Unlawful Discrimination Based Upon Disability - Washington Law Against Discrimination (WLAD).</u>   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Defendant engaged in unlawful discrimination based upon Plaintiff's physical disability when it terminated Plaintiff's employment in violation of the WLAD (RCW 49.60. *et seq.*).

38. As a proximate result of Defendant's violation of RCW 49.60 et seq., Plaintiff has been damaged in an amount to be proven at trial.

### V.   SECOND CAUSE OF ACTION

39. <u>Washington's Family Leave Act</u> (WFLA).  Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

40. Defendant's conduct as alleged above violated the WFLA (RCW 49.78 *et seq.*) because it interfered with, restrained, or denied Plaintiff's right to exercise her rights under the WFLA.

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 5

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

41. As a proximate result of Defendant's violation of RCW 49.78 et seq., Plaintiff has been damaged in an amount to be proven at trial, including liquidated damages as permitted by law.

### VI.   THIRD CAUSE OF ACTION

42. <u>Family Medical Leave Act</u> (FMLA).  Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

43. Defendant's conduct as alleged above violated the FMLA (29 USC §2601 *et seq.*) because it interfered with, restrained, or denied Plaintiff's right to exercise her rights under the WFLA.

44. As a proximate result of Defendant's violation of 29 USC §2601 et seq., Plaintiff has been damaged in an amount to be proven at trial, including liquidated damages as permitted by law.

### VII.   FOURTH CAUSE OF ACTION

45. <u>Wage Deductions.</u>  Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

46. By unlawfully denying Plaintiff leave and terminating her, Defendant willfully deprived Plaintiff of her wages in violation of RCW 49.52, et seq.

47. As a proximate result of Defendant's violation of RCW 49.52 et seq., Plaintiff has been damaged in an amount to be proven at trial, including double damages for the willfulness of Defendant's conduct.

48. Plaintiff further reserves the right to amend or supplement her complaint to include other facts or causes of action as necessary.

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 6

PREMIER LAW GROUP PLLC
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

## VIII.   FIFTH CAUSE OF ACTION

49. <u>Breach of Promise.</u>  Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

50. Defendant maintained an employment handbook, and/or similar documents, which created a promise of specific job security, including a right to take medical leave without being terminated.

51. Plaintiff justifiably relied upon that promise.

52. Defendant breached that promise by terminating Plaintiff.

53. As a proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against Defendant:

1. Judgment for all damages permitted by law, including but not limited to, back and front pay, accrued interest, and benefits;

2. Judgment for liquidated damages as permitted by law;

3. Judgment for double damages for the willfulness of Defendant's conduct;

4. Pre and post-judgment interest;

5. An award of attorney's fees and costs as permitted under RCW 49.52 et seq., 49.60 et seq., 49.78 et seq., and 29 USC §2601 et seq.; and

6. For such other and further relief as this court deems just and equitable.

////

////

////

FIRST AMENDED COMPLAINT
(No. 2:15-cv-00095-RAJ) - 7

**PREMIER LAW GROUP PLLC**
1408 140th Place NE
Bellevue, WA 98007
(206) 285-1743 / Fax: (206) 599-6316

1  DATED this 30th day of January 2015.

2                                              PREMIER LAW GROUP, PLLC

3
                                               */s/Patrick J. Kang*
4                                              **Patrick J. Kang,** WSBA #30726
                                               Of Counsel for Moira Gunsul