THE HONORABLE RICHARD A. JONES
NOTING DATE: MARCH 6, 2015

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOIRA GUNSUL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, a Delaware Company,<br><br>　　　　Defendant. | NO. 2:15-CV-00095 RAJ<br><br>**BOEING'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BREACH OF PROMISE** |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Moira Gunsul was a Project Management Specialist at The Boeing Company until May 2014, when she was discharged for excessive unexcused absences. Plaintiff subsequently filed this lawsuit alleging that Boeing violated various state and federal workplace non-discrimination laws. Plaintiff also asserted claims for breach of contract and for violations of RCW 49.52 for allegedly depriving her of wages. After this matter was removed to this Court, Boeing filed a Motion to Dismiss Plaintiff's Claims for Wage Withholding and Breach of Contract. In response, Plaintiff has now filed an Amended Complaint in which she has withdrawn her breach of contract claim, thereby apparently

MOTION TO DISMISS BREACH OF PROMISE CLAIM
(NO. 15-0095) - 1
4853-2958-8513.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

admitting that Boeing appropriately requested dismissal of that claim.[1] Plaintiff replaces her faulty breach of contract claim with an equally faulty "breach of promise" claim. As with the earlier claim that she has withdrawn, Plaintiff's new "breach of promise" claim is also improper because Plaintiff fails to allege any specific fact in support of that claim. To the contrary, Plaintiff effectively admits in her Amended Complaint that she is unable to identify any specific promise that was breached, and is even unable to identify any specific document in which any such "promise" was purportedly made. Instead, Plaintiff merely speculates in her Amended Complaint that some un-named set of documents "created" an unspecified promise in some unspecified manner at some unspecified time. Because Plaintiff's breach of promise claim fails to meet the pleading standards under the *Twombly/Iqbal* line of decisions, Boeing respectfully asks the Court to dismiss Plaintiff's claim for breach of promise.

## II. ALLEGATIONS AND CLAIMS AGAINST BOEING

In her Complaint, Plaintiff makes the following allegations:

Plaintiff is a former Boeing employee. Dkt. #8 at ¶ 5. Boeing provided Plaintiff with medical leave for a health condition involving her lower back for the period of March 3, 2014 – April 3, 2014. *Id.* at ¶ 9 – 10. However, Plaintiff was unable to return to work until April 8, 2014. *Id.* at ¶¶ 15, 16, and 20. Boeing notified Plaintiff that she needed to extend her leave of absence to cover the absences from April 4th and 7th, so Plaintiff contacted Aetna and requested that the approved intermittent leave apply to those absences because they were a result of her lower back condition. *Id.* at ¶ 21 – 22. Aetna told her that the intermittent leave did not apply, and she needed to submit additional documents to use extended medical leave of absence. *Id.* at ¶ 23. On May 5, 2014, Plaintiff received a letter

---

[1] Plaintiff has not withdrawn her wage withholding claim. This claim therefore continues to be the subject of Boeing's previously filed Motion to Dismiss, which is noted for consideration on February 20, 2015.

MOTION TO DISMISS BREACH OF PROMISE CLAIM
(NO. 15-0095) - 2
4853-2958-8513.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

notifying her that her absences on April 4th and 7th were not approved for leave, and on May 13, 2014, Plaintiff was discharged for her unexcused absences. *Id.* at ¶¶ 30 – 31.

Based on these allegations, Plaintiff claims Boeing breached some unidentified promise that was made at some unspecified time in some unidentified "handbook and/or similar document". *Id.* at ¶ 50. In her Amended Complaint, Plaintiff makes only three references to Boeing's purported breach of promise:

- Plaintiff alleges, "Defendant maintained an employment handbook, and/or similar documents, which **created** a promise of specific job security, including a right to take medical leave without being terminated." *Id.* (emphasis added).
- Plaintiff claims she "justifiably relied upon that promise," but she makes this assertion without identifying any alleged promise. *Id.* at ¶ 51.
- Based only on her preceding allegations, Plaintiff then concludes, "Defendant breached that promise by terminating Plaintiff." *Id.* at ¶ 52.

The remaining allegations and causes of action in the Complaint are not the subject of this motion.

### III. AUTHORITY AND ARGUMENT

**A.** **Legal Standard Under Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss, a plaintiff's complaint may not rely merely on "labels and conclusions" but, instead, must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleading facts that are "merely consistent" with liability does not cross "the line between possibility and plausibility of entitlement of relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, Rule 12(b)(6) "requires more than labels and conclusions, and a

MOTION TO DISMISS BREACH OF PROMISE CLAIM
(NO. 15-0095) - 3
4853-2958-8513.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While factual allegations are generally taken as true and construed in the light most favorable to the non-moving party, the Court need not accept conclusory allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Dismissal is proper "when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

B. **Plaintiff's Breach of Promise Claim Should Be Dismissed Because She Did Not Plead Sufficient Facts Supporting Essential Elements Of This Claim.**

The pleading standard under the Supreme Court's *Twombly* and *Iqbal* decisions render Plaintiff's claim for breach of promise just as inadequate as Plaintiff's original claim for breach of contract. Plaintiff's allegations are similarly conclusory, and she does not allege any facts supporting any essential element of this claim. A plaintiff states a claim for breach of promise only if she alleges the employer created an atmosphere of job security and fair treatment with promises of specific treatment in specific situations, and she is induced thereby to remain on the job and not actively seek other employment. *Thompson v. St. Regis Paper Co.*, 102 Wn. 2d 219, 230, 685 P.2d 1081 (1984). Plaintiff does not identify any promises of specific treatment in specific situations, or any promises at all. Instead, Plaintiff's claim that Defendant maintained "an employment handbook and/or similar documents" that "created" a purported promise, is nothing more than "label and conclusion" that is inadequate to support a cause of action. *See Twombly*, 550 U.S. at 555. Nowhere does Plaintiff allege any facts or point to any provisions in any documents supporting her conclusory allegation that Boeing "created" a promise that it subsequently breached. By failing to identify any such fact (and by the speculative manner in which asserts her claim), Plaintiff is effectively admitting in her Amended Complaint that she is unable to identify

MOTION TO DISMISS BREACH OF PROMISE CLAIM
(NO. 15-0095) - 4
4853-2958-8513.02

any specific document or set of documents that contains any specific promise that was made by Boeing or upon which she could have reasonably relied. Plaintiff's lack of specific factual support for the existence of a promise, and her admission that she is unable to identify any such promise, or any purported location of any such promise, is sufficient to warrant the dismissal of her breach of promise claim.

Because Plaintiff failed to both (1) support her conclusory allegations and legal conclusions with sufficient factual allegations identifying a promise, and (2) identify any particular promise that Boeing purportedly breached, Plaintiff's complaint fails to muster even the most basic factual allegations that would allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, her breach of promise claim should be dismissed.

## IV. CONCLUSION

For all the foregoing reasons, Boeing respectfully requests that the Court dismiss Plaintiff's breach of promise claim against Boeing.

DATED this 6th day of February, 2015.

RIDDELL WILLIAMS P.S.


By   s/Laurence A. Shapero
     Laurence A. Shapero, WSBA #31301
     Kristina Markosova, WSBA #47924
     Attorneys for Defendant The Boeing Company

MOTION TO DISMISS BREACH OF PROMISE CLAIM
(NO. 15-0095) - 5
4853-2958-8513.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Patrick J. Kang
> WSBA#30726
> PREMIER LAW GROUP PLLC
> 1408 140th Place NE
> Bellevue, WA 98007
> Phone: (206) 285-1743
> Fax: (206) 599-6316
> *Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 6, 2015, in accordance with 28 USC 1746.

_____
Jazmine Matautia

MOTION TO DISMISS BREACH OF PROMISE CLAIM
(NO. 15-0095) - 6
4853-2958-8513.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600